**Marci ALEXANDER, Plaintiff,**

v.

**The JESUITS OF MISSOURI PROVINCE dba St. Mary College, et al., Defendants.**

**No. 96–4109–DES.**

United States District Court, D. Kansas.

June 11, 1997.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for plaintiff.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, for Jesuits of Missouri Province.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, Shelly L. Freeman, Michael Edwin Norton, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for Windell Ezell and St. Marys College.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on the motion of witness Jo Adams to quash or modify subpoena. (Doc. 54.) Plaintiff has filed a response to the motion. The court's ruling was announced at the final pretrial conference. This Memorandum and Order memorializes that ruling.

The facts presented by the motion are for all practical purposes undisputed. On April 18, 1997, only 12 days before discovery was to be concluded in this case, plaintiff's counsel, David Alegria, caused a subpoena to be served upon Ms. Jo Adams for a deposition to commence at 1:00 o'clock p.m. on April 23, 1997, in Topeka, Kansas. Ms. Adams was, at that time, a 41–year–old woman, then in her 17th week of her first pregnancy, who lived and was employed full-time in the Kansas City area. The subpoena was not served on Ms. Adams personally, but was delivered to her husband. It was not accompanied by a witness fee or mileage. The witness contact-

ed an assistant in the office of plaintiff's counsel and requested that the deposition be relocated to Kansas City, offering to make herself available on the date and at the time requested in Kansas City. Plaintiff's counsel declined to take the deposition in Kansas City and canceled the deposition. On April 23, 1997, plaintiff's counsel personally contacted the witness and advised her that he intended to subpoena her for deposition again. The deposition was now to require a full day. The witness requested that the deposition be taken in Kansas City. Plaintiff's counsel refused, allegedly stating "he was not going to do it" because it was "inconvenient" for him. Notwithstanding the witness's request, on April 25, 1997, a subpoena was served upon the witness, requiring the witness to appear in Topeka, Kansas, for deposition on April 30, 1997, at 8:00 o'clock a.m. A witness fee did accompany this subpoena. These facts are supported by the witness's affidavit. Plaintiff's counsel does not contest directly any of these facts, but rather states:

> Although Adams stretches the truth in her allegations regarding her motion, the fact of the matter is that she has refused and failed to appear at two scheduled depositions without valid cause.

Plaintiff's counsel has not filed a counter-affidavit to support his suggestion that the witness "stretches the truth" or identified any inaccurate facts set forth by the witness in her affidavit. Instead, counsel insists that the witness's deposition be in Topeka, Kansas, and challenges the witness's claimed concern with respect to travel to Topeka due to her pregnancy. He suggests that he has done nothing "except subpoena this lady twice, and communicated with her over the telephone in response to a series of abusive, inappropriate, unprofessional and otherwise contemptuous telephone calls by Adams to plaintiff's counsel's office." Counsel argues that he has asked nothing more of the witness than required by statute.

> Fed. R. Civ. 45 provides in relevant part: (b)(1) … Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.
>
> . . . .
>
> (c)(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
>
> . . . .
>
> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> > (i) fails to allow reasonable time for compliance;
> >
> > . . . .
> >
> > (iv) subjects a person to undue burden.

■ The court finds that the subpoena should be quashed and that, in the event plaintiff's counsel attempts to take the witness's deposition, certain restrictions should be established by the court.

The conduct of plaintiff's counsel in the scheduling of the deposition of this witness and the service of the subpoena is violative of Fed.R.Civ.P. 45. The witness was not required to appear at the first scheduled deposition in response to a subpoena which was neither properly served upon her nor accompanied by a tender of a witness fee and mileage. The subpoena was not served on the witness. It was left at her home with her husband. The subpoena was simply unenforceable. Contrary to assertions of plaintiff's counsel, there was no duty on the witness to appear at the scheduled deposition. The witness could have simply failed to appear. However, the witness contacted plaintiff's counsel and advised him of deficiencies in the service of the subpoena and requested that, due to her circumstances, the deposition be taken in Kansas City rather than Topeka. Plaintiff's counsel arbitrarily refused the suggestion that the deposition be taken in Kansas City.

Fed.R.Civ.P. 45 requires that the attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Plaintiff's counsel clearly violated this admonition of Rule 45. The time provided for compliance with the subpoena was inadequate. The subpoena was served on the witness's husband on Friday for a deposition to take place on the following Wednesday, only five calendar days, three business days, later. The witness is employed full-time, therefore, the notice of the deposition was not only inadequate for the witness, but for her employer. Plaintiff's counsel has cited no reasons for giving such short notice of a deposition, which was to consume an entire afternoon, plus travel time for the witness. The court suspects that counsel simply had delayed conducting discovery until the deadline for its completion was at hand. His own urgency was imposed on the witness.

■ The court finds the conduct of plaintiff's counsel in issuing the second subpoena was in violation of Fed.R.Civ.P. 45. By the time of issuance of this subpoena, plaintiff's counsel had determined that the deposition would require an entire day. When the witness requested that the deposition be taken in Kansas City, counsel declined because it was inconvenient for him. While counsel discussed the date of this deposition with the witness seven days prior to the proposed deposition, with no agreement being reached as to the time or place of the deposition, the subpoena was issued allowing only three business days' notice of the deposition. The notice was not reasonable for the same reasons as related to the first subpoena. This deposition was scheduled to start at 8:00 o'clock a.m., in Topeka, Kansas, requiring the witness to leave her home between 6:30 and 6:45 a.m., in order to arrive at the deposition on time.

■ The conduct of plaintiff's counsel in the scheduling of this deposition was also in violation of MODEL RULES OF PROFESSIONAL CONDUCT Rule 4.4 which provides:

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

Counsel's scheduling of this deposition, under the circumstances in this case, was unreasonable, arbitrary and unprofessional. The scheduling of the deposition at 8:00 o'clock in the morning in Topeka, Kansas, was for the sole purpose of harassing the witness. Depositions in our district do not customarily commence at 8:00 o'clock a.m., unless agreed by counsel and the witness. Requiring this 41–year–old pregnant woman to travel a distance of over 60 miles, commencing at approximately 6:30 a.m., to attend a deposition in Topeka, Kansas, which was to require an entire day for the sole reason that it was "inconvenient" for plaintiff's counsel to travel to Kansas City is inexplicable, outrageous, abusive, unethical and unprofessional.

■ Finally, the court addresses the responsive memorandum. Counsel attempts to lead the court to conclude that the witness has made false statements in her affidavit, yet counsel does not identify any such statements and does not controvert any statements of the witness in either the affidavit or her counsel's motion. Further, by summary accusation, plaintiff's counsel alleges that the witness's conduct in various telephone calls was abusive, inappropriate, unprofessional and otherwise contemptuous. These accusations are also without any specific statements of fact and are unsworn. The inclusion of these matters in this memorandum, based on the facts before the court, is not only unprofessional, but may be in violation of MODEL RULES OF PROFESSIONAL CONDUCT 3.1 and 3.3. Rule 3.1 provides:

A lawyer shall not bring or defend a proceeding, **or assert or controvert an issue therein,** unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. (Emphasis added.)

Rule 3.3 provides:

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

. . . .

(4) offer evidence that the lawyer knows to be false.

Obviously, the court has no independent factual information concerning the allegations recklessly alleged in plaintiff's response to the motion. However, the court expects that when an attorney accuses a person of conduct such as is alleged by plaintiff's counsel, the specific factual basis for such allegations will be clearly stated in order to allow the person an opportunity to respond and the court to evaluate the nature of the allegations. Such conclusory accusations set forth in a party's memorandum, in light of a clear factual statement contained in the sworn testimony of a witness, are insufficient to contradict the sworn testimony.

The court further notes counsel's suggestion that all of the problems related to the deposition arise out of the witness's failure to appear at the two scheduled depositions without valid cause. As previously noted with respect to the first deposition, this allegation is contrary to Fed.R.Civ.P. 45 and well-established existing law. The subpoena was neither served on the witness nor accompanied by an appropriately tendered witness fee, either of which precludes the subpoena from being enforceable. Clearly, the witness had a valid reason for not appearing at the first scheduled deposition. She simply was not required to appear as a matter of law. Counsel's statement that he has "asked nothing more of this witness than what the statute requires" is without legal basis.

In summary, under the circumstances of this case, the court finds that plaintiff's counsel failed to provide a reasonable time for compliance with the subpoena and subjected the witness to an undue burden by scheduling the deposition at 8:00 o'clock a.m. in Topeka, Kansas. The time and place of the deposition were determined by plaintiff's counsel for the sole purpose of harassing the witness. The motion to quash or modify subpoena (doc. 54) is granted. The court, further, makes the following orders:

In the event that plaintiff's counsel determines to take the deposition of Ms. Adams, it will be taken at a time and place convenient to the witness in Kansas City. The inquiry of plaintiff's counsel will be limited to one and one-half hours. Without the witness's consent, the notice as to the time and place of the deposition shall be no less than 10 business days, and the deposition shall be completed on or before June 30, 1997. The witness shall be entitled to her attorney's fees for obtaining this order. The witness shall not be required to refund the previously tendered witness fee, which shall be credited against her attorney's fees in obtaining this order. In the event the parties are unable to agree to the amount of the fee, as well as its payment terms, the witness's counsel may file an affidavit with the court setting forth the time and expenses incurred, less credit as set forth herein, with a motion for the court to determine the amount of the fee. Plaintiff's counsel may respond within 10 days.

IT IS SO ORDERED.